89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mario HOLSINGER, Petitioner-Appellant,
v.
Herbert NEWKIRK**, Respondent-Appellee.
 No. 94-1799.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.*
Decided May 1, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Mario Holsinger filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the Indiana Department of Correction (IDOC) not to promote him from credit-time Class III to Class II. Inmates in Indiana jails and prisons have their terms of imprisonment shortened by one day for every day of "credit-time" they earn. Ind.Code § 35-50-6-1(a). Prisoners earn credit-time at different rates, depending on their credit-time class: a prisoner in Class I earns 1 day of credit-time for each day he is imprisoned, a prisoner in Class II earns 1 day of credit-time for every 2 days he is imprisoned, and a prisoner in Class III earns no credit-time. Ind.Code § 35-50-6-3. Inmates begin their imprisonment in Class I; they may be demoted either to Class II or Class III for disciplinary infractions. Ind.Code § 35-50-6-4. A prisoner who has been demoted to Class II or III is entitled to a review of his credit-time class at least every six months. Id. A prisoner in Class II or III who has gone six months without committing a conduct violation may be promoted to a higher class. Ind. Dept. of Correction Adult Disciplinary Policy Procedures 27-28 (1990).
 
 
 2
 In June, 1992 Holsinger was a pretrial detainee in the Wayne County Jail. On June 4, Holsinger created a disturbance in his cell. At a disciplinary hearing on June 6, a disciplinary committee found that he violated a number of prison rules, and demoted him to credit-time Class III. Holsinger does not challenge this demotion. In late June, Holsinger was transferred from the Wayne County Jail to the IDOC Reception Center, and from there--on July 1, 1992--to the Maximum Control Complex (MCC) in Westville, Indiana.
 
 
 3
 At Holsinger's credit-time class review on September 29, 1992, the Conduct Adjustment Board (CAB) declined to recommend Holsinger for promotion to Class II. The CAB stated as its reason: "Does not meet criteria for promotion." As factual support for this reason, the CAB stated, "Received two Incident/Conduct Reports (6-26-92, 8-24-92) while housed at Wayne County Jail." Holsinger objected to this finding, arguing that he had not committed any disciplinary violations on June 26 or August 24. After exhausting his administrative remedies, Holsinger filed the present petition for habeas corpus relief. The district court denied relief, and this appeal followed.
 
 
 4
 We will assume--without deciding--that Holsinger has a liberty interest in being promoted to a higher credit-time class.[1] Even so, Holsinger is not entitled to the relief he seeks. Although we can find no explanation or clarification in the record for the August 24 "Incident/Conduct Report," the report from June 26, 1992 apparently refers to a letter from the Wayne County Jail Administrator to officials at the IDOC Reception Center informing them of Holsinger's conduct violations, disciplinary finding, and the date of his next credit-time class review. That letter was placed in Holsinger's prisoner file, and was available to the CAB at the MCC. It thus appears that by referring to the June 26 letter, the CAB was in fact basing its decision on Holsinger's disciplinary conviction from June 6. Because Holsinger was convicted on June 6 for violating jail rules--a finding Holsinger does not contest--he was not eligible under IDOC policies for promotion to Class II in September, because in September he had not yet gone six months without a disciplinary violation.
 
 
 5
 Holsinger apparently misunderstands the CAB report to mean that it denied his promotion because it found that he committed separate or new violations on June 26 and August 24. Under Holsinger's view, because he had a clean disciplinary record between his demotion and his review three months later, he was eligible for promotion. But IDOC rules clearly require a prisoner to have a clean disciplinary record for six months before he is eligible for promotion. And even if Holsinger had received a credit-time class review on December 6--exactly six months after his demotion--it would have done Holsinger no good; by then, he had committed several more disciplinary infractions, and so he still would not have been eligible for promotion.
 
 
 6
 AFFIRMED.
 
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Herbert Newkirk is substituted for Charles E. Wright as Respondent
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Whether a prisoner has a liberty interest in being placed in a specific credit-time class is an open question in this circuit. Meeks v. McBride, No. 95-2014, Slip op. at 4 (7th Cir. April 17, 1996), is not to the contrary. There, the parties stipulated that a prisoner has a liberty interest in his credit-time class, and hence, the court did not address this issue